UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Roderick L. Hymon,

   Plaintiff

v.

Julie Steps, et al.,

   Defendants

Case No.: 2:23-cv-1521-JAD-BNW

**Order Addressing Untimely Objections and Extending Deadline to File Amended Complaint**

[ECF Nos. 16, 17]

  Pro se plaintiff Roderick L. Hymon filed this § 1983 action against the manager of a local Taco Bell, police officer D. Rose, two district attorneys, and a justice of the peace for a series of events that took place after he was "directed . . . to leave the Taco Bell."[1]  On October 18, 2023, the magistrate judge screened Hymon's complaint and dismissed it with leave to amend within 30 days because she was "unable to determine exactly what claims [he] is attempting to allege against which defendants and cannot evaluate whether [he] states any claims for relief."[2]  Hymon appealed the magistrate judge's order[3] and did not file an amended complaint by the deadline.

  On December 21, 2023, Hymon filed two one-paragraph objections to the magistrate judge's order.[4]  In one, he objects to the magistrate judge's "dismissal in its entirety, especially where 'I stated the police refuse to assist me.'"[5]  In the other, Hymon "object[s] to all [of the] magistrate [judge's] recommendations," "especially where in [the] complaint everyone[']s intent

---

[1] ECF No. 5 at 4.

[2] ECF No. 4 at 3.

[3] ECF No. 6.  The Ninth Circuit dismissed Hymon's appeal because the challenged order wasn't final.  ECF No. 9.

[4] ECF No. 16; ECF No. 17.

[5] ECF No. 16.

was to falsely arrest plaintiff."[6]  He also claims that he didn't receive the order until December 15, 2023, and asks the court to appoint him counsel.[7]  I overrule Hymon's objections and give him one more chance to file an amended complaint if he can correct the deficiencies identified in the magistrate judge's order.

**A.      Hymon's objections to the magistrate judge's order are overruled.**

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" (like a request for court-appointed counsel) or to recommend how the district judge should rule on a dispositive issue (like dismissal).[8]  When a litigant challenges a magistrate judge's ruling on a non-dispositive matter, the district judge may reconsider that ruling "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9]  This standard of review "is significantly deferential" to a magistrate judge's determination[10] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[11] or a relevant statute, law, or rule has been omitted or misapplied.[12]  When a litigant objects to a magistrate judge's report and recommendation on a dispositive issue, the district judge's review is instead de novo.[13]

---

[6] ECF No. 17.

[7] ECF No. 16; ECF No. 17.

[8] 28 U.S.C. § 636 (b)(1); Local Rule (L.R.) IB 3-1.

[9] L.R. IB 3-1(a).

[10] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[11] *Id.* (internal quotation marks omitted).

[12] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[13] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b).

Objections to and appeals of magistrate-judge orders are due 14 days after the order is served.[14] Hymon's objection was filed more than a month late. I am skeptical of his claim that he didn't receive the magistrate judge's order until December 15, 2023, since he appealed that order on October 30, 2023.[15] But in the interest of being thorough, I consider his untimely objection.

Hymon's one-paragraph filings do not identify any findings by the magistrate judge that he contends are mistaken, erroneous, or contrary to law. He merely states that he "especially" objects to some portion of the recommendation "where [he] stated the police refuse to assist [him]" and points me to a statement in his complaint about false arrest.[16] Hymon's statement doesn't direct me to the portion of the recommendation that he claims is erroneous, nor does it explain *why* he believes it is erroneous. So I overrule his objections.

**B.     Hymon's request for appointed counsel is denied.**

Hymon includes in his objections a one-sentence request for an appointed attorney.[17] This request is governed by 28 U.S.C. § 1915(e)(1) and, although indigent civil-rights litigants like Hymon do not have a constitutional right to appointed counsel, a court may "request an attorney to represent any person unable to afford counsel."[18] But courts do so only in "exceptional circumstances."[19] "When determining whether 'exceptional circumstances' exist, a

---

[14] L.R. IB 3-1(a); L.R. IB 3-2(a).

[15] *See* ECF No. 6.

[16] ECF No. 16; ECF No. 17.

[17] ECF No. 16 ("Plaintiff moves this court to be appointed a[n] attorney . . . please appoint able counsel."); ECF No. 17 ("Plaintiff . . . request[s] to be appointed a[n] attorney . . . please consider appointed attorney.").

[18] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[19] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."[20]  "Neither of these considerations is dispositive and instead must be viewed together."[21]

Hymon has failed to argue either that he is likely to succeed on the merits or that his case is particularly complex.  His one-sentence requests fall far short of showing the exceptional circumstances required to appoint him counsel.  So I deny this request without prejudice to his ability to file a new, properly supported motion after he submits an amended complaint.

## Conclusion

IT IS THEREFORE ORDERED that Roderick Hymon's objections to and appeals of the magistrate judge's order dismissing his complaint with leave to amend **[ECF Nos. 16 & 17] are OVERRULED**.  The magistrate judge's order **[ECF No. 4] is AFFIRMED**.  Hymon must file an amended complaint curing the deficiencies identified in this and the magistrate judge's order by **April 26, 2024**.  **The failure to file an amended complaint by that deadline may result in the dismissal of this case without further prior notice**.

IT IS FURTHER ORDERED that Hymon's requests for appointed counsel **are also DENIED** without prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
March 26, 2024

---

[20] *Id*.

[21] *Id*.

4