# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

RODERICK HYMON,

           Plaintiff,

  v.

JULIE STEPS, *et al.*,

           Defendants.

Case No. 2:23-cv-01521-JAD-BNW

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

**On 5/21/24 the magistrate judge entered this report and recommendation [ECF No. 21]:**

On September 26, 2023, Plaintiff filed his complaint against Defendants. ECF No. 1-1. The Court screened Plaintiff's complaint and dismissed his claims with leave to amend. ECF No. 4. Plaintiff objected and appealed the order, which was later affirmed. ECF Nos. 16, 17, and 18. In affirming the order, the Court gave Plaintiff until April 26, 2024 to file an amended complaint and warned Plaintiff that failure to do so may result in dismissal of his case. ECF No. 18. This order returned as undeliverable. ECF No. 19. As such, the Court ordered Plaintiff to update his address by April 25, 2024, and that failure to do so may result in a recommendation that his case be dismissed. ECF No. 20. To date, Plaintiff has neither updated his address nor filed an amended complaint. As a result, the Court recommends that this case be dismissed without prejudice and be closed.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without an operative complaint, the only alternative is to enter a third order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time. Therefore, setting another deadline is not a meaningful alternative, especially given that Plaintiff has not updated his address. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED** that this action is DISMISSED for failure to file an amended complaint by the court-ordered deadline, leaving no claims pending.

### ORDER

The deadline to object to this recommendation was June 4, 2024, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. **IT IS THEREFORE ORDERED that the Report and Recommendation [ECF No. 21] is ADOPTED, and THIS CASE IS DISMISSED. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey 6/5/24